Matter of Way (2018 NY Slip Op 02149)





Matter of Way


2018 NY Slip Op 02149


Decided on March 28, 2018


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
SANDRA L. SGROI, JJ.


2017-00554 

[*1]In the Matter of Fred Douglas Way III, a suspended attorney. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, petitioner; Fred Douglas Way III, respondent. (Attorney Registration No. 1988203)



DISCIPLINARY PROCEEDING instituted pursuant to 22 NYCRR 1240.8 by the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on April 10, 1985. In a separate proceeding under Appellate Division Docket No. 2015-00026, by decision and order on motion dated April 23, 2015, this Court, inter alia, immediately suspended the respondent from the practice of law pursuant to former 22 NYCRR 691.4(l)(1)(i), and authorized the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts to institute a disciplinary proceeding based upon a petition dated December 24, 2014. By opinion and order of this Court dated May 18, 2016, the charges in the December 24, 2014, petition were sustained, and the respondent was suspended from the practice of law for a period of one year, effective immediately, with credit for the time served from the date of his immediate suspension such that he might apply for reinstatement immediately. The respondent has not been reinstated.



Diana Maxfield Kearse, Brooklyn, NY (Mark F. DeWan of counsel), for petitioner.
Andrew M. Krisel, Brooklyn, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts served the respondent with a verified petition dated January 10, 2017, containing two charges of professional misconduct. By decision and order on application dated April 5, 2017, this Court referred the issues raised in the parties' joint stipulation of disputed and undisputed facts dated March 1, 2017, as well as any evidence in mitigation and/or aggravation, to the Honorable Patricia M. DiMango, as Special Referee, to hear and report. After a pre-hearing conference held on May 19, 2017, and a hearing held on June 8, 2017, the Special Referee issued a report sustaining both charges. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. In an affirmation in response, the respondent's counsel opposes the motion to confirm the Special Referee's report. However, in the event the Court sustains the charges, he requests the sanction be limited to time served under the current suspension.
Charge one alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to comply with this Court's decision and order on motion dated April 23, 2015, which immediately suspended him from the practice of law (hereinafter the interim suspension order), as follows:
On May 4, 2015, the Grievance Committee personally served the respondent with the interim suspension order and a copy of the Rules Governing Conduct of Attorneys (former 22 NYCRR 691.10; hereinafter the Court Rules). The interim suspension order directed the respondent to promptly comply with the Court Rules. Pursuant to former 22 NYCRR 691.10(c) and (d), the applicable rules in this proceeding, the respondent was required to promptly notify his clients, by registered or certified mail, of his immediate suspension from the practice of law, and his consequent inability to act as their attorney. The respondent did not notify his clients of his immediate suspension until on or about July 20, 2015.
Additionally, pursuant to former 22 NYCRR 691.10(f), the respondent was required to file with the Clerk of the Court, within 10 days of the effective date of his suspension, an affidavit showing: (1) that he had fully complied with the provisions of the interim suspension order and the Court Rules, and (2) that he had served a copy of such affidavit upon the petitioner. The respondent did not file an affidavit of compliance with the Court until June 17, 2016.
Charge two alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0), by failing to comply with the interim suspension order in that he continued to hold himself out as an attorney after the effective date of his suspension, as follows:
The interim suspension order directed the respondent to promptly comply with the Court Rules and to desist and refrain from, inter alia, holding himself out in any way as an attorney and counselor-at-law. At the time of his suspension, the respondent maintained an attorney escrow account at Hudson Valley Bank, #xxxx4801, entitled "Fred D. Way III, IOLA Attorney Trust Account" (hereinafter the escrow account). The respondent failed to close the escrow account after his suspension, and continued to maintain funds therein, as follows:
(1) a $5,000 down payment for a real estate transaction involving 1412 Eastern Parkway Sunoco, Inc., and the Roger Thomas Trust. The down payment was not refunded until on or about May 23, 2016;
(2) a $110,000 down payment for a real estate transaction involving Grace Baptist Church. The down payment remained in the escrow account until on or about September 20, 2016, when he transferred that amount to the Kings County Clerk, pursuant to a court order dated August 11, 2015;
(3) $41,931.56 on behalf of PJ1 Realty Corp. These funds remained in the escrow account until on or about September 26, 2016, when the respondent issued a check in that amount to PJ1 Realty Corp.
At the hearing, as to charge one, the respondent's counsel stipulated that the respondent did not timely send written notice to his clients by certified or registered mail, as the notices were not sent until on or about July 20, 2015. The respondent attributed the delay in notifying his clients of his suspension to the same personal difficulties that had resulted in his failure to cooperate with the Grievance Committee in the fall of 2014, and which resulted in the prior disciplinary proceeding and his suspension. Further, although the respondent was aware that the affidavit of compliance was to be filed within 10 days of the effective date of the interim suspension order, he did not file it with this Court until June 17, 2016.
Concerning charge two, the respondent testified that, after his suspension, he did not make any deposits into the escrow account and only made the three disbursements set forth in the petition in order to return escrow funds on deposit. Prior to disbursing the subject funds, the respondent claimed that he attempted to contact the parties to determine the rightful owner of the funds. While the respondent thought that he had disbursed all funds "within at least 60 days" of his suspension, the respondent's counsel stipulated that the three disbursements were made beyond 60 days and, in fact, occurred on the dates set forth in the petition (May 23, 2016, September 20, 2016, and September 26, 2016).
After the hearing, the Special Referee issued a report sustaining both charges. As to charge one, the Special Referee found that the respondent's filing of his affidavit of compliance was not timely, and that he did not produce proof of the certified mailings notifying all of his clients that [*2]his license had been suspended. Concerning charge two, while the respondent claimed that he made efforts to determine who should receive the escrow funds, the Special Referee found that he offered no further evidence to support his claims. He also failed to explain why it took a year to determine the rightful owners of the escrow funds. Thus, the Special Referee concluded that holding escrow funds under the circumstances presented here was not reasonable. In mitigation, the Special Referee noted that the respondent was "going through a very difficult time in his personal and professional life[,]" and that although she had "no doubt that [he] did not intend to harm anyone by his action or mostly inactions[,] his emotional state made it extremely difficult to cope with his personal and professional life."
Based on the evidence adduced and the respondent's admissions, we find that the Special Referee properly sustained both charges. Accordingly, the Grievance Committee's motion to confirm the report of the Special Referee is granted.
In determining an appropriate measure of discipline to impose, we have considered, inter alia, the finding of the Special Referee that the allegations in the petition occurred during a difficult period in the respondent's personal and professional life.
Under the totality of the circumstances, we find that a public censure is warranted.
MASTRO, J.P., RIVERA, DILLON, BALKIN and SGROI, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Fred Douglas Way III, is publicly censured for his professional misconduct.
ENTER:
Aprilanne Agostino
Clerk of the Court